UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| DONALD PRESCOTT, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| VS. | )    No. 19-1115-JDT-cgc |
| | ) |
| HARDEMAN COUNTY | ) |
| CORRECTIONAL FACILITY, ET AL., | ) |
| | ) |
|    Defendants. | ) |
| | ) |

ORDER PARTIALLY DISMISSING COMPLAINT AND DIRECTING THAT
PROCESS BE ISSUED AND SERVED ON DEFENDANT BEARD

On June 5, 2019, Plaintiff Donald Prescott, who is incarcerated at the Northeast Correctional Complex in Mountain City, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Prescott's complaint addresses events that allegedly occurred during his previous confinement at the Hardeman County Correctional Facility (HCCF) in Whiteville, Tennessee. (*Id.* at PageID 3.) After Prescott submitted the required financial documents, the Court issued an order granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) The Clerk shall record the Defendants as HCCF Unit Manager Dorothy Robertson;, former HCCF Warden Grady Perry; HCCF Lieutenant First Name Unknown Beard; the HCCF; and the Tennessee Department of Correction (TDOC).

Prescott alleges that, sometime prior to May 28, 2019, he was assaulted by five inmates at the HCCF and received a disciplinary write-up for fighting. (ECF No. 1 at PageID 4.) On May

28, 2019, the same five inmates again attacked and stabbed Prescott. (*Id.*) Prescott was assigned to segregated housing after the incident, where Lieutenant Beard (then Sergeant Beard) was the officer in charge. (*Id.*) Prescott asserts that Beard was aware of the earlier altercation yet placed one of the inmates who had assaulted Prescott in a cell with him while Prescott was still in handcuffs. (*Id.*) That inmate, who was not handcuffed, immediately began to attack Prescott again. (*Id.*) Prescott alleges that when he and the five inmates were released from segregation, all six of them were placed back into the same housing pod. (*Id.*) Prescott alleges he was stabbed several more times by the same prisoners. (*Id.*)

Prescott asserts claims of negligence, emotional distress, imminent harm and danger, and defamation of character. (*Id.* at PageID 5.) He seeks damages. (*Id.*)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a

complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Prescott filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Prescott has no valid claim against the TDOC. Claims against the TDOC are treated as claims against the State of Tennessee. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced

or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). Tennessee has not waived its sovereign immunity and therefore may not be sued for damages. *See* Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will*, 491 U.S. at 71.

Prescott's claims against the HCCF and against the HCCF employees in their official capacities are considered claims against CoreCivic, a private company which manages the prison.[1] However, Prescott does not state a valid claim against CoreCivic. "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care or food services to prisoners. *Id.* at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001); *see also Eads v. State of Tenn.*, No.

---

[1] *See* https://www.tn.gov/correction/sp/state-prison-list/hardeman-county-correctional-facility.html ("[The HCCF] is owned by the Hardeman County Correctional Facilities Corporation, which contracts with CoreCivic for management of the prison.").

1:18-cv-00042, 2018 WL 4283030, at *9 (M.D. Tenn. Sept. 7, 2018). To prevail on a § 1983 claim against CoreCivic, a plaintiff "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011).

Prescott does not allege that he was assaulted in segregation because of an unconstitutional policy or custom of CoreCivic. He instead alleges that Beard negligently placed one of Prescott's assailants in the cell with him despite knowing about the earlier attack. Prescott's claim is therefore against Beard and not CoreCivic.

Prescott's allegations against Beard amount to a claim under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). Under the Eighth Amendment, prison officials "must take reasonable measures to guarantee the safety of the inmates" and "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (quotations omitted).

An Eighth Amendment claim consists of both objective and subjective components. *Farmer*, 511 U.S. at 834. To satisfy the objective component, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005). The subjective component of an Eighth Amendment violation requires a prisoner to demonstrate that prison officials acted with the requisite intent, that is, that the officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Woods v. Lecureux*, 110 F.3d 1215,1222 (6th Cir. 1997). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Thus, "the prison official must know[] of and disregard[] an excessive

risk to inmate health or safety." *Id.* at 837-38. In the context of a failure-to-protect claim, a prison officer will not be held liable without a showing that he or she "should have been aware of the reasonable likelihood of a potential attack and intervened earlier." *Carico v. Benton, Ireland, & Stovall*, 68 F. App'x 632, 639 (6th Cir. 2003).

Prescott alleges that Beard knew about the earlier altercation between him and the five inmates, one of whom she then placed in the cell with Prescott in segregation. That inmate continued to attack Prescott, who was handcuffed. According to Prescott's allegations, Beard was "aware of facts from which the inference of substantial risk of harm could be drawn." *Garretson v. City of Madison Heights*, 407 F.3d 789, 798 (6th Cir. 2005). The complaint therefore states a valid Eighth Amendment claim against Beard.

Prescott does not allege any conduct by Warden Perry. To the extent he seeks to hold Perry liable because he was the warden of HCCF, he does not state a claim. Under § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

> There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

*Bellamy*, 729 F.2d at 421 (citation omitted). Prescott does not allege that Perry was aware of, much less authorized or approved of, Beard's actions that led to Prescott's injuries. He therefore does not allege a basis for holding Perry responsible for Beard's conduct.

Nor does Prescott allege any misconduct whatsoever by Unit Manager Robertson. When a complaint fails to allege any action by a Defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

In conclusion, the Court DISMISSES Prescott's claims against the TDOC; his claims against the HCCF and all official-capacity claims against the HCCF employees; and all claims against Defendants Robertson, and Perry for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2). Prescott's Eighth Amendment claim against Beard for failing to protect him from a substantial risk of harm may proceed.

It is ORDERED that the Clerk shall issue process for Defendant Lt. FNU Beard [2] and deliver that process to the U.S. Marshal for service. Service shall be made on Defendant Beard pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10) by registered or certified mail or personally if mail service is not effective. All costs of service shall by advanced by the United States.

It is further ORDERED that Prescott shall serve a copy of every subsequent document he files in this case on the attorney for Defendant Beard or on Defendant Beard personally if she is unrepresented. Prescott shall make a certificate of service on every document he files. Prescott shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.[3]

---

[2] Prescott states in the complaint that Defendant Beard is now employed at the Trousdale Turner Correctional Center, 140 Macon Way, Hartsville, Tennessee 37074. (ECF No. 1 at PageID 3.)

[3] A copy of the Local Rules may be obtained from the Clerk or on the Court's website at https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.

Prescott is reminded that he must promptly notify the Clerk of any change of address or extended absence.  Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE